UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOHN THOMAS SPURLOCK**  B.O.P. # 17866-045 | : | **DOCKET NO. 16-cv-1031** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **AARON JONES ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the civil rights[1] complaint filed *in forma pauperis* by *pro se* plaintiff John Thomas Spurlock ("Spurlock"). Spurlock is an inmate in the custody of the Federal Bureau of Prisons and is incarcerated at FCI-Oakdale ("FCIO") in Oakdale, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

### I.
#### BACKGROUND

*A. Original Complaint*

Spurlock named the following FCIO personnel as defendants in his original complaint: Wardens Aaron Jones, Becky Clay, and C. Maiorana; Health Services Administrator Clint Sonnier; Nurse D. Phillips; and Assistant Health Services Administrator Heather Howard. His claims against these defendants are based upon his allegations that he received inadequate medical care immediately before and during his H1N1 Swine Flu illness in January and February 2014. Doc. 1, p. 3. Specifically, he states

---

[1] Because it alleges civil rights violations by federal defendants, this action is construed as one brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 91 S. Ct. 1999 (1971). In *Bivens*, the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 USC § 1983.

that the defendants' failure to diagnose and treat him resulted in his near death. *Id.* He alleges that he requested his medical records for the treatment that he received from January 20, 2014, through February 29, 2014, but that defendants Phillips and Sonnier altered and deleted the records. *Id.* He contends that Phillips and Sonnier refused to give him a complete and unaltered copy of his medical records in an attempt to cover-up the failure of medical personnel to provide adequate care. *Id.* In regard to defendants Howard and Clay, he states that they filed to supervise the "collection, retention and release" of his medical records. *Id.*

Spurlock claims that he attempted an informal resolution relative to his claims without success. *See* doc. 1, att. 2, p. 2. On or about December 22, 2014, he filed a Request for Administrative Remedy ("ARP"), which was received on January 8, 2015. *Id.* at 2–3. The response to the BP-9, dated February 15, 2015, states:

> This is in response to your Request for Administrative Remedy . . . in which you request a copy of your medical records from January 1, 2014 - February 29, 2014.
>
> A review of your electronic medical record indicates you arrived at [FCIO] on October 19, 2006. Our records indicate you were released for a federal writ on April 23, 2014, and returned on November 20, 2014. You submitted an Inmate Request . . . on December 3, 2014, for copies of your medical record for the above referenced dates. . . . On January 27, 2015, you received 88 pages. . . . On January 30, 2015, you received copies of your medical record dated February 20, 2014 through March 1, 2014.

*Id.* at 5. The request was denied based on a finding that the record showed no merit to Spurlock's claims. *Id.*

Spurlock filed a BP-10 with the regional office on March 2, 2015. *Id.* at 6. This request was denied on March 11, 2015. *Id.* at 7. He filed the final ARP, a BP-11, with the central office on April 6, 2015. *Id.* at 8. The response to same was due on May 16, 2015. *Id.* Spurlock alleges that he did not receive a response despite sending inquiries himself and through then-retained counsel on May 18, 2015, July 6, 2015, August 24, 2015, October 6, 2015, December 1, 2015, and December 14, 2015. *See id.* at 9–15. The

original complaint was then filed in this court, with some date between June 28, 2016, and July 6, 2016, serving as the effective date of filing under the prison mailbox rule.[2]

### B. *Amended Complaint*

Spurlock filed an amended complaint between August 11 and August 22, 2016. *See* doc. 6, p. 5; doc. 6, att. 3. There he gives a brief recitation of the claims made in his original filing. Doc. 6, p. 4. The remainder deals with allegations that he received inadequate medical care in April 2015. *Id.* Through the new allegations he added the following FCIO personnel as defendants: Nurse Practitioner Mary Thomas; Clinical Director Joel Alexander; Registered Nurses S. Reed, P. Bradford, and R. Catorie; and Assistant Health Services Administrator P. Allmendinger. *Id.*; *compare* doc. 1, pp. 2–3 *with* doc. 6, p. 3.

As relief for the alleged constitutional violations, Spurlock seeks compensatory and punitive damages. Doc. 1, p. 3; doc. 6, p. 5.

## II.
### LAW AND ANALYSIS

### A. *Frivolity Review*

Spurlock has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. This act directs a district court to dismiss an action if the court determines that it is frivolous or malicious or fails to state a claim on which relief may be granted. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citing 28 U.S.C. § 1915(e)(2)(B)(i) and (ii)).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is

---

[2] Under the prison mailbox rule, a pleading filed by a prisoner proceeding *pro se* is deemed to have been filed on the date that it was submitted to prison authorities for mailing. *Causey v. Cain*, 450 F.3d 601, 604 (5th Cir. 2006). Spurlock signed the complaint on June 28, 2016, but does not indicate when he submitted it for mailing. Doc. 1, p. 3. The document was mailed on July 6, 2016. Doc. 1, att. 4.

frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. Joinder of Claims

The courts may *sua sponte* consider whether the parties and claims are properly joined in one action. FED. R. CIV. P. 21. Although a party may generally join any claims it has against an opposing party under Rule 18(a) of the Federal Rules of Civil Procedure, it must satisfy Rule 20(a)(2) if additional defendants are named.

Rule 20(a)(2) permits joinder of multiple defendants in a single lawsuit only when (1) the plaintiff asserts a right to relief against each defendant relating to or "arising out of the same transaction, occurrence, or series of transactions or occurrences" and (2) a "question of law or fact common to all defendants will arise in the action." In other words, "Rule 20 requires that all of the [plaintiff's] claims arise out of the same transaction or occurrence and that there is a common issue of fact or law." *Applewhite v. Reichhold Chem., Inc.*, 67 F.3d 571, 574 n. 11 (5th Cir. 1995). Requiring parties to assert unrelated claims against different defendants in separate complaints avoids unduly cumbersome litigation, and in the context of prisoner-litigation, ensures that prisoners pay the fees required under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g) for each suit. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Spurlock's allegations about the medical care he received from certain defendants in April 2015 bears an insufficient relationship to his claims that he received inadequate medical care from other defendants in January and February 2014, and that additional defendants altered his medical records before they were delivered to him in January 2015. Accordingly, the amended complaint should be dismissed without prejudice and may instead be filed as a separate lawsuit.

### C. Statute of Limitations

District courts are authorized to dismiss a complaint as frivolous when "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994). In actions filed *in forma pauperis*, a district court may raise the limitation period *sua sponte*. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). There is no federal statute of limitations. Accordingly, the applicable statute of limitation in a federal civil rights complaint is the forum state's personal injury limitations period. *Starks v. Unidentified Hollier*, 295 Fed. App'x 664, 665 (5th Cir. 2008) (citing *Brown v. Nationsbank Corp.*, 188 F.3d 579, 590 (5th Cir. 1999)). In Louisiana, that limitations period is one year. *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989). While the period of limitations is provided by state law, federal law determines when the action accrues. *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998). Under federal law, a cause of action accrues when a plaintiff knows or has reason to know of the injury on which the action is based. *Moore*, 30 F.3d at 620–21.

In the present case, Spurlock's cause of action with respect to the claims in his original complaint accrued, at the latest, when he received the second set of medical records on or about January 30, 2015. Spurlock filed this suit between June 28 and July 2016, over seventeen months later.

Equitable tolling principles apply to civil rights cases filed under 42 U.S.C. § 1983 and *Bivens*, including during the period a prisoner exhausts his administrative remedies. *Brooks v. Menifee*, 269 Fed. App'x 441, 442 (5th Cir. 2008) (per curiam); *Harris*, 198 F.3d at 157–58. Even with the benefit of equitable tolling, however, Spurlock's original complaint was untimely.

Specifically, the response to his BP-11 was due on May 16, 2015. Spurlock alleges that he did not receive a response or a notice of extension for filing a response. The regulations of the Bureau of Prisons provide authority for inmates who do not receive timely responses to administrative remedy submissions to pursue their claims. "If the inmate does not receive a response within the time allotted for reply,

including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

Rather than move forward with his right to proceed to court, Spurlock spent May through December 2015 corresponding with the BOP over its lack of response. He then waited until July 2016 to file his original complaint. However, Spurlock's BOP remedies were exhausted after the date on which the central office failed to respond to his BP-11 or to request an extension for filing same, giving him a date from which to move forward with his federal suit. Consequently, even with equitable tolling, the claims in his original complaint have prescribed.

### III.
#### CONCLUSION

**IT IS RECOMMENDED** that all claims contained in Spurlock's original civil rights complaint **be DENIED AND DISMISSED WITH PREJUDICE** as barred by the statute of limitations, rendering same frivolous as a matter of law in accordance with the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

**IT IS ALSO RECOMMENDED** that the claims brought in the amended complaint against defendants Mary Thomas, Joel Alexander, S. Reed, P. Bradford, R. Catorie, and P. Allmendinger should be dismissed **WITHOUT PREJUDICE** to Spurlock pursuing litigation in a separate civil action by filing a complaint in the proper court.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the**

**date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 19th day of October, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE