RECEIVED
IN LAKE CHARLES, LA

DEC 22 2016

TONY R. MOORE, CLERK
BY_____
         DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JOHN THOMAS SPURLOCK<br>B.O.P. # 17866-045 | * | CIVIL ACTION NO. 2:16 -CV-01031 |
| v. | * | JUDGE MINALDI |
| AARON JONES, ET AL. | * | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is a Report and Recommendation by the Magistrate Judge (Rec. Doc. 9), recommending that the petitioner's claims be dismissed pursuant to §1915 of the Prisoner Litigation and Reform Act. The petitioner filed an Objection (Rec. Doc. 10). After a complete review of the record, a *de novo* determination of the issues, and for the following reasons, the court will adopt the Report and Recommendation, **DISMISS WITH PREJUDICE** the petitioner's 42 U.S.C. § 1983 claims as time-barred, and **DISMISS WITHOUT PREJUDICE** the petitioner's Federal Tort Claims Act claims as improperly joined.

## FACTS & PROCEDURAL HISTORY

The petitioner filed his initial complaint on July 13, 2016 against six defendants,[1] alleging that the defendants violated 42 U.S.C. § 1983 by withholding, altering, and deleting requested medical reports. The petitioner received the most recent allegedly altered reports on January 30, 2015. On August 24, 2016, the petitioner amended his complaint to add a Federal Tort Claim Act (FTCA) action against four of the same defendants[2] and six additional

---

[1] Aaron Jones, Clint Sonnier, D. Phillips, Becky Clay, Heather Howard, and C. Maiorana

[2] Howard, Jones, Maiorana, and Clay.

1

defendants.[3] He based his FTCA action on the defendants' failure to properly diagnose and treat him for the H1N1 flu in the spring of 2014.[4]

The petitioner filed his final appeal to the General Counsel of the Administrative Remedy Coordinator on April 6, 2015. The General Counsel had until May 16, 2015 to reply, and if the General Counsel did not do so, the petitioner could consider his appeal denied. *See* 28 C.F.R. § 542.18 ("[I]f a federal inmate does not receive a response to a grievance within the allotted time for a reply, the inmate may consider the absence of a response to be a denial at that level, and then proceed to the next step."). After reciving no response from the General Counsel, the petitioner sent six follow up letters to the General Counsel between May 2015 and December 2015, trying to determine the status of his appeal. The last letter unilaterally extended the General Counsel's reply deadline to January 30, 2016. The General Counsel did not reply to any of the requests.

## LAW & ANALYSIS

### I.  Joinder of Claims

As an initial matter the court addresses whether the petitioner can join his §1983 and FTCA claims in a single action. The court adopts the Magistrate Judge's conclusion and finds that the petitioner cannot join the claims in a single action. While under Rule 18(a) of the Federal Rules of Civil Procedure a plaintiff can join, "as many claims as [he] has against an opposing party," Fed. R. Civ. P. 18(a), a "plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all," 7 Charles Alan

---

[3] Mary Thomas, Joel Alexander, S. Reed, P. Bradford, R. Catorie, and P. Allmendinger

[4] The exact dates when the alleged misdiagnosis and treatment occurred are uncertain based on the petitioner's complaint. He explains that the events occurred in April 2015 and January 2014. Amended Compl. (Rec. Doc. 6), p. 3. The administrative review documents he attached to his complaint suggest that the events occurred between February and March 2014. 2/15/15 Denial (Rec. Doc. 6-1), p. 5.

2

Wright & Arthur R. Miller, Federal Practice and Procedure Civ. § 1655 (3d ed. 2016) (citing Fed. R. Civ. P. 20(a)). These two requirements, that claims against different defendants arise out of the same transaction or occurrence and present common questions of law or fact, are a flexible standard that allows the court to promote judicial economy by ensuring that the action is not unduly burdensome. *Id.* at § 1653. Additionally in the context of prisoner-litigation, ensuring that unrelated claims against different defendants are brought in separate actions safeguards the required fees in the Prison Litigation Reform Act. *See* George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50–claim, 24–defendant suit produced but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.").

Here, the defendants are neither all defendants in the § 1983 action, nor the FTCA action. Also, the two actions are based on different events. The § 1983 action is based on the alleged alteration and withholding of medical records that occurred around January 2015, while the FTCA action is based on the alleged misdiagnosis and treatment of the defendant that occurred nearly a year prior.[5] Neither action depends on the facts or law of the other action. Accordingly, the petitioner's FTCA claims will be dismissed without prejudice. The petitioner can refile the claims in a separate suit.

II. **Statute of Limitations**

Next, in agreement with the Magistrate Judge's Report and Recommendation (Rec. Doc. 9), the court finds that the petitioner's § 1983 claims are time-barred. Because § 1983 has no

---

[5] *See supra* note 1.

federal statute of limitations, courts apply the statute of limitations for personal injury claims in the state where the claims arise. *Rodriguez v. Holmes*, 963 F.2d 799, 803 (5th Cir. 1992). "In Louisiana, the one-year prescriptive period established in Civil Code Article 3492 applies to § 1983 claims." *Marceaux v. Lafayette City-Par. Consol. Gov't*, 921 F. Supp. 2d 605, 645 (W.D. La. 2013) (citing *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir.1998)). "Although state law controls the limitations period for section 1983 claims, federal law determines when a cause of action accrues." *Rodriguez*, 963 F.2d at 803 (citing *Brummett v. Camble*, 946 F.2d 1178, 1184 (5th Cir.1991)). Under federal law, "the statute of limitations begins to run from the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Id.* (quoting *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir.1987)). Therefore, the petitioner's § 1983 claims began to run when he became aware of the alleged alterations or withholding of his medical records. The latest date on which this could have happened was January 30, 2015, giving the petitioner until January 30, 2016, to file his § 1983 claims.

While the court uses federal law to determine when the statute of limitations begins to run, the court applies state law tolling provisions. *Harris v. Hegmann*, 198 F.3d 153, 156-57 (5th Cir. 1999). Applying Louisiana tolling provisions, the Fifth Circuit has held that the statute of limitations for a § 1983 action is equitably tolled while a prisoner exhausts his administrative remedies. *Id.* at 157. Therefore, the statute of limitations did not run while the petitioner exhausted his administrative remedies. The petitioner filed an appeal within the administrative process after receiving the allegedly incomplete and altered medical records on February 15, 2015. The petitioner's administrative remedies were exhausted on May 16, 2015, when the General Counsel did not respond to the petitioner's appeal. Under 28 C.F.R. § 542.18, a federal

4

inmate can consider no response to be a denial, which means that when the petitioner did not receive a response by the deadline, he had exhausted his administrative remedies. Further, 28 C.F.R. § 542.18 allows the prison staff to extend the deadline for a response once by a set number of days. A federal inmate does not have the power to unilaterally extend the prison staff's deadline. The unilateral extensions given by the petitioner have no effect on when his administrative remedies were exhausted, and the unilateral extensions given fell well outside those even available for the prison staff.

After tolling the statute of limitations for 90 days,[6] the petitioner would have had until April 29, 2016 to file an appeal in federal court. Because he filed his first complaint on July 13, 2016, 75 days after the statute of limitations had run, his § 1983 claims are time-barred and will be dismissed with prejudice.

## CONCLUSION

Because the § 1983 and FTCA claims against different defendants were improperly joined, the court will **DISMISS WITHOUT PREJUDICE** the petitioner's FTCA claims raised in his amended complaint. The petitioner can refile these claims in a separate lawsuit. The court will **DISMISS WITH PREJUDICE** the petitioner's § 1983 claims because those claims are time-barred.

Lake Charles, Louisiana, this 10 day of _____Dec_____, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[6] 90 days accounts for tolling the statute of limitations from February 15, 2015 to May 16, 2015.